**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHELLE VICK,

       Plaintiff,                            USDC Case No. 22-cv-10481
                                                   Hon. Terrence G. Berg

v.

ATLAS OIL TRANSPORTATION, INC.
and KEVIN CIOCCIO, an individual,

       Defendants.

---

## **STIPULATED PROTECTIVE ORDER**

This matter having come before this Honorable Court and the Court being otherwise fully advised in the premises;

IT IS HEREBY ORDERED that this Order shall govern the handling of any Confidential Information (the "Confidential Information") produced by the any party or non-party ("producing party") and who may designate information, documents, or things as "Confidential" in this litigation (the "Litigation") under the following terms and conditions:

Any document, information, or thing may be designated "Confidential" if it is in good faith determined by the producing party to contain confidential or proprietary information, including information in written, oral, electronic, graphic, pictorial, audiovisual, or other form, whether it is a document,

information contained in a document, item produced for inspection, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise. The term "document" as used throughout this Order includes any deposition transcript. Confidential information shall include, and the non-producing party and their representatives shall have a duty to protect, and to not use or disclose except as authorized by this order, all confidential and/or sensitive information which is: (a) disclosed by the producing party in writing and marked as "confidential" at the time of disclosure; and/or (b) disclosed by producing party in any other manner and identified as confidential at the time of disclosure and/or is summarized and designated as confidential in a writing delivered to non-producing party within thirty (30) days of the disclosure. Confidential information shall not include any publicly available information or documents. However, no document that was also obtained from a source other than the producing party in a non-confidential manner shall be deemed confidential, even if designated as confidential by a party.

1. A producing party may designate any document or other tangible information or thing as "Confidential" by stamping or appending at some conspicuous place thereon with the legend "CONFIDENTIAL". For example, in the case of a paper document, a producing party may so mark the first page of

a multipage document or each applicable page. In the case of other tangible items, a producing party may so mark any appropriate location. In the case of an electronic document, a producing party may stamp "CONFIDENTIAL" along with the appropriate Bates numbering stamp so long as it does not result in the loss of any metadata. In lieu of a "Confidential" stamp, a producing party may also designate a document or range of documents as confidential by providing notice of a Bates number or range to the non-producing party.

2. A producing party may designate documents, information, or things disclosed at a deposition of a producing party or one of its present or former officers, directors, employees, agents, or independent experts retained for purposes of this proceeding as "Confidential" on the record during the deposition or by notifying all parties in writing of the specific item so designated, within twenty days of receiving a copy of the deposition transcript, of the specific exhibits or lines and pages of the transcript that are "Confidential".

    a. If a producing party designates such materials as "Confidential" on the record, the court reporter shall indicate on the cover page of the transcript that the transcript includes "Confidential" information, shall list the pages and line numbers and/or exhibits of the transcript on or in which such information is contained, and shall bind the transcript

3

    in separate portions containing "Confidential" and non-Confidential material. Further, during the period in which such "Confidential" information is discussed during the deposition, any person present during the deposition who is not authorized to receive such information under this Order shall be excluded from that portion of the deposition.

  b. If, during any deposition, "Confidential" information is discussed and notice is given by a party during the deposition that such information should be treated as "Confidential" the deposition transcript and the exhibits thereto shall be treated as containing "Confidential" material. Should such designations be made, all persons receiving notice of such designation shall affix the same to the face of their copy or copies of the transcript.

 3. If a party producing documents inadvertently fails to mark a document as "Confidential" for which it desires such treatment, it shall so inform the party receiving the documents forthwith, but in no event later than ten (10) days following discovery of the inadvertent disclosure. The receiving party thereupon shall destroy the unmarked documents, or return the unmarked documents to the producing party, and the producing party shall substitute properly marked documents. In addition, if a producing party, at the time of disclosure, inadvertently fails to identify as "Confidential" any discovery material (including, without limitation, oral, visual, or recorded information)

for which it desires such treatment, it shall so inform the receiving party forthwith, but in no event later than ten (10) days following discovery of the inadvertent disclosure. The receiving party's obligations under this Order in connection with the discovery material encompassed by this paragraph shall commence upon notice from the producing party of the failure to properly mark or identify the discovery material.

    4.    The inadvertent or unintentional disclosure by a producing party supplying confidential discovery material, regardless of whether such discovery material was designated as "Confidential" shall not be deemed a waiver in whole or in part of the producing party's claim of privilege or other claim or right of withholding or confidentiality that it may have with respect to the discovery material disclosed, provided that the producing party making such inadvertent or unintentional disclosure notifies the receiving parties forthwith, but in no event later than ten (10) days after it learns of such inadvertent or unintentional disclosure. If discovery material is or has been disclosed that is subsequently designated as "Confidential" the receiving party shall make every reasonable effort to preserve the "Confidential" nature of such discovery material and to obtain compliance with this Order from any person to whom such discovery material was disclosed.

5. If a producing party, at the time of disclosure, inadvertently fails to identify as "Confidential" any discovery material (including, without limitation, documents, oral, visual, or recorded information) for which it desires such treatment, and another party files the material with the Court prior to receiving notice that such material was inadvertently disclosed without the desired designation, the party who made the inadvertent disclosure shall be responsible for seeking appropriate relief from the Court.

6. Should any party object to a designation of any information, documents, or things as "Confidential" the parties and/or the producing party shall attempt to meet and confer in a good faith attempt to reach an agreement regarding the status of the information, documents, or things. If the objection is not thereby resolved or if the parties are unable to meet and confer within 10 day, the party claiming the "Confidential" status of the information, documents or things shall bring the dispute before the Court within fourteen (14) days of either the objection to the designation or the unsuccessful attempt to reach an agreement regarding the status for a determination and shall have the burden of proving good cause for the entry of an order maintaining the designation of the information, documents, or testimony under the terms of this Order. Until the Court makes such determination, or, in the event of an immediate

interlocutory appeal, upon termination of such appeal, all material designated as "Confidential" shall be treated as such.

7. All information, documents, or things produced, exchanged, or inspected in the course of this proceeding shall be used by any persons receiving them solely for the purposes of this proceeding.

8. Non-producing parties must (a) maintain any "Confidential" information in confidence using the same degree of care that they use in safeguarding their own confidential business information and/or that of their employer(s), but in no event less than a reasonable degree of care, (b) use such "Confidential" information only for the purposes described herein, (c) prevent the disclosure of "Confidential" information to third parties subject to the provisions and exceptions of this Stipulated Protective Order and (d) disclose such "Confidential" information only to such of their representatives who have a need to know such "Confidential" information in connection with the prosecution or defense of this lawsuit only and then only after each such representative has been advised of the obligations contained herein.

9. All documents, information, or things designated as "Confidential" shall be made available only to the Court and to counsel for the Parties (including paralegals, clerical, and secretarial staff employed by such counsel in connection with the Case) and the following persons:

    a.    the parties and those agents and employees that are directly involved in the prosecution or defense of this matter;

    b.    experts or consultants retained by the respective Parties or counsel to assist in the Case, including any person working directly under the supervision of any such expert or consultant;

    c.    court reporter(s) employed in the Case;

    d.    a witness at any deposition or other proceeding in the Case;

    e.    if documents designated as "Confidential" were originally sent to, copied to, blind copied to persons other than the producing party or its agents or employees, then the non-producing party may show that email or correspondence to the third party receiving the documents; and

    f.    any other person with the written consent of all parties (and any affected non-party producing party);

    g.    any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff.

10.    Materials designated as "Confidential" shall not be made available to persons other than those authorized by this Order, even if attached to or contained within otherwise non-Confidential materials, such as transcripts, memoranda, or affidavits. The "Confidential" information must be removed or redacted before the remaining materials may be made available to those other persons.

11. Information, documents, or things shall not be disclosed pursuant to this Order to a former employee, a testifying or non-testifying expert or consultant, a mediator or arbitrator, or any non-party in accordance with Paragraphs 10(b), 10(e) or 10(f) unless and until such representative, expert, consultant, mediator, arbitrator, or non-party has first been supplied with and has read a copy of this Order and has executed a copy of the Confidentiality Agreement attached as Exhibit A. Current employees are not required to execute a copy of the Confidentiality Agreement, but shall be advised regarding the provisions of this Order and their duties to their employer and the disclosing party to not use and to keep all Confidential Information confidential. The party procuring an executed copy of the Confidentiality Agreement attached as Exhibit A must retain the executed copy until sixty (60) days after the conclusion of this case, including any appeals.

12. No documents, information, or things designated as "Confidential" shall be filed with the Court, including that contained in pleadings, motions, briefs, declarations, or exhibits, except under seal. To the extent practical, only those portions of a filing with the Court that contain material designated as "Confidential" shall be filed under seal, but only after receiving leave of Court. The Court and its staff shall maintain under seal all filings so designated pending further order or direction from the Court. Provided that no

"Confidential" information is disclosed, the parties may generally refer to documents designated as "Confidential" in pleadings, motions, briefs, affidavits, or exhibits filed with the Court, without the need to file such pleadings, motions, briefs, affidavits, or exhibits under seal.

13. Any documents produced by a non-party in discovery in the Action pursuant to subpoena or otherwise may be designated by such non-party as "Confidential" under the terms of this Stipulated Protective Order, and such designation shall have the same force and effect, and create the same duties and remedies as if made by one of the parties hereto. Alternatively, a non-party in discovery may negotiate a separate Protective Order, to be agreed to by the parties and entered by the Court.

14. Nothing in this Order shall preclude any party to the proceeding or their attorneys from:

    a. showing materials designated as "Confidential" to an individual who prepared the document, is shown by the document to have received the document, or who is reasonably believed to have received the document;

    b. disclosing or using, in any manner or for any purpose, any information, documents, or things from the party's own files that the party itself designated as "Confidential"

    c. disclosing or using, in any manner or for any purpose, any information, document, or thing at the trial of this matter.

> However, if a party intends to use or offer into evidence at such trial any materials designated as "Confidential" that party shall, unless otherwise ordered by the Court, so inform the producing party before seeking to use it or offer it into evidence at such trial to allow the producing party to take such steps reasonably necessary to preserve the confidentiality of such information or documents.

15. Within three (3) years of the conclusion of this action, including any appeals, each party shall destroy or cause to be destroyed all originals and reproductions (including any electronic versions) of any materials designated as "Confidential" in the party's possession, or in the possession of any person with whom the party has shared materials designated as "Confidential." However, counsel for the parties may retain all pleadings, motion papers, attorney work product, and deposition testimony and exhibits, provided they remaining subject to non-disclosure as otherwise provided in this Order. Upon request, counsel for the receiving party may provide written verification to the producing party that all copies of such materials produced to the receiving party have been destroyed, other than as indicated in this paragraph. Alternatively, the parties and their counsel may agree on writing on appropriate alternative methods for the destruction of protected materials.

Materials designated as "Confidential" that is in the custody of the Court are excepted from the terms of this paragraph.

16. The terms of this Order shall remain in effect after the action and any related appeals are concluded, except that there shall no longer be any restriction on use of materials designated as "Confidential" that are used as exhibits at trial (unless such exhibits were used under seal or protective order at trial). Any party after final disposition of this Case may seek to reopen the Case for purposes of enforcing the provisions of this Order.

**IT IS SO ORDERED.**

/s/Terrence G. Berg
UNITED STATES DISTRICT COURT JUDGE

Dated: June 2, 2022
Approved as to form and content:

By: */s/ Caitlin E. Malhiot*
Caitlin E. Malhiot (P76606)
Jonathan R. Marko (P72450)
MARKO LAW, PLLC
Attorneys for Plaintiff

By: */s/ Courtney L. Nichols*
Courtney L. Nichols (P75160)
John Gilliam (P81421)
PLUNKETT COONEY
Attorneys for Defendant Atlas Oil

By: */s/ Zeth D. Hearld*
Joseph A. Starr (P47253)
Zeth D. Hearld (P79725)
STARR, BUTLER, ALEXOPOULOS
 & STONER, PLLC
Attorneys for Defendant Cioccio

# EXHIBIT A
# CONFIDENTIALITY AGREEMENT

STATE OF _____

COUNTY OF _____

I, _____, being first duly sworn, state that:

1. My address is _____.

2. My present employer is _____ and the address of my employer is _____.

3. My present occupation is _____.

4. I have received a copy of the Stipulated Protective Order in the case of _____, Case No. _____ in the U.S. District Court, Eastern District of Michigan, Southern Division.

5. I submit to the jurisdiction of the .S. District Court, Eastern District of Michigan, Southern Division for purposes of enforcement of the Stipulated Protective Order.

6. I have carefully read and understand the provisions of the Stipulated Protective Order and I will comply with all of its provisions.

_____

Subscribed and sworn to me before this \_\_\_ day of _____ 202\_\_.

_____
Notary Public

My commission expires: _____

Open.00590.10363.28881805-1

13